**SCURA, WIGFIELD, HEYER**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Jamal J. Romero, Esq.
jromero@scura.com
*Counsel for Creditor*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:* | Case No. |
| **KENNETH LARSEN,** | Chapter 13 |
| Debtor. | Hon. Stacey L. Meisel |
| | Hearing Date: July 14, 2021 at 10:00 AM |

### OBJECTION TO DEBTOR'S MOTION TO REIMPOSE THE AUTOMATIC STAY

Renee and Robert Giannetti (the "Creditors"), by and through their counsel, respectfully submit this objection to Kenneth Larsen's (the "Debtor") motion to reimpose the stay (the "Motion") due to the Debtor's failure to state a legal basis to reinstate the stay, and state as follows:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 13, 2020, the Debtor filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code. The Creditors' filed a proof of claim in the Debtor's case for a judgment secured by the Debtor's property. On January 26, 2021 the chapter 13 trustee filed a certificate of default for failure to make plan payments. On February 10, 2021, the Debtor's case was dismissed. The Creditors pursued their rights to recover payment on their judgment through state court action and the sale of the Debtor's property. The Debtor filed this instant case on March 31, 2021. On May 27, 2021, the Debtor filed a motion to reimpose the stay. On June 22, 2021, this Court entered an order reinstating the automatic stay *in error*. On June 27, 2021, this Court entered an order vacating the automatic stay. The Creditors were granted an order to sell the Debtor's

1

property on June 29, 2021. There was no automatic stay in effect at the time the order was entered. The Debtor's motion to reimpose the stay is scheduled to be heard on July 14, 2021.

### **The Debtor has failed to state a legal basis as to why the stay should be reinstated**

Pursuant to Section 362(c)(3)(B), on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose),, completed before the expiration of the 30-day period, only if the party in interest demonstrates that the filing of the latter case is in good faith as to the creditors to be stayed of the Bankruptcy Code, such a filed claim is deemed allowed unless an objection is made. 11 U.S.C. § 362(c)(3)(B). Here, the Debtor failed to file the motion to extend the automatic stay within 30 days of the filing of the instant case. Thus, the Debtor needed to file a motion to reinstate the stay.

For a Debtor to successfully reimpose the stay the Debtor must establish that the automatic stay is warranted, and that the Debtor has a likelihood of obtaining confirmation of a feasible plan. *Eastern Savs. Bank, FSB v. LaFata (In re Lafata)*, 483 F.3d 13, 23 (1st Cir. 2007). While bankruptcy law provides for restructuring of debt through a chapter 13 plan, creditors who have obtained orders granting them relief from the automatic stay are entitled to finality. *In re Harris*, 497 B.R. 652 (2013). To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success. *In re Felberman*, 196 B.R. 678,685 (Bankr. S.D.N.Y. 1995).

Here, the Debtor has failed to state any legal basis as to why the automatic stay should be reinstated. The Debtor's certification does not address the change in circumstance required to make the instant bankruptcy case successful. The mere indication that the Debtor's family may contribute to the plan payments needed to propose a feasible chapter 13 plan is not sufficient to demonstrate that the plan is feasible. The Debtor failed to make plan payments on the previous case and has failed to demonstrate how this time around will be any different, such that the Debtor's case will be successful. Furthermore, the Creditors have obtained an order to sell the Debtor's property to

recover the amount owed on the judgement entered against the Debtor. The instant case is nothing but a ploy to stop the Creditors from recovering on the amount owed to them.

## CONCLUSION

Therefore, the Creditors respectfully request this Court deny the Debtor's motion to reimpose the stay.


Dated: July 7, 2021 /s/ Jamal J. Romero
Jamal J. Romero, Esq.