| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>SCURA, WIGFIELD, HEYER,<br>STEVENS & CAMMAROTA, LLP<br>1599 Hamburg Turnpike<br>Wayne, New Jersey 07470<br>Tel.: 973-696-8391<br>David L. Stevens<br>Dstevens@scura.com<br>*Counsel for Robert and Renee Giannetti* | Order Filed on July 22, 2021<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey |
|---|---|
| In Re:<br><br>KENNETH LARSEN,<br><br>　　　　　　　　　Debtors | Chapter 13<br><br>Case No.: 21-12639 SLM<br><br>Judge: Hon. Stacey L. Meisel<br><br>Hearing Date: July 14, 2021 @ 10:00 AM |

## CONSENT ORDER FOR PLAN TREATMENT OF JUDGMENT LIEN HELD BY ROBERT GIANETTI AND RENEE GIANETTI AND REINSTATMENT OF STAY

The relief set forth on the following pages, numbered two through four, is hereby

**ORDERED.**

**DATED: July 22, 2021**

　　　　　　　　　　　　　　　　　　　　　　_Stacey L. Meisel_
　　　　　　　　　　　　　　　　　　　　　　Honorable Stacey L. Meisel
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Debtor: Michael Felice Interiors, LLC
Case No.: 20-11532-VFP
Caption of Order: Consent Order For Plan Treatment of Judgment Lien Held by Robert Gianetti and Renee Gianetti and Reinstatement of Stay

Page 2

Kenneth Larson ("Debtor"), by and through his attorney of record, having moved for reinstatement of the stay as to judgment creditors Robert Gianetti and Renee Gianetti, ("Secured Creditor") and having filed a Chapter 13 Plan which proposed to pay the Secured Creditor in full though the Plan; and Secured Creditor and Debtor having agreed to resolve plan treatment of the judgment lien held by the Secured Creditor and to reinstatement of the stay; and the Court having taken notice of the parties consent to the form and entry of this order,

**IT IS ORDERED THAT:**

1. Secured Creditor holds a fully secured judgment lien on the real property commonly known as 20 Lakeside Trail, Kinnelon, New Jersey ("Subject Property").

2. Beginning 8/01/2021, Debtor agrees to make monthly payments to Secured Creditor, in the amount of $500. These payments will be applied to the judgment amount as they are received.

3. Payments shall be made to Secured Creditor's counsel Attn: Linda Bosland, P.O. Box 2031, 1599 Hamburg Turnpike, Wayne, New Jersey 07470, with reference to Gianetti, or as otherwise directed.

4. In the event of a default on payments to Secured Creditor under the terms of this order prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor(s) shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor(s) agree(s) to pay an additional $100.00 for attorney fees for each default occurrence. If Debtor(s) fail(s) to cure the default, Secured Creditor may lodge a certification of default and order terminating the automatic stay and include

Debtor: Michael Felice Interiors, LLC
Case No.: 20-11532-VFP
Caption of Order: Consent Order For Plan Treatment of Judgment Lien Held by Robert Gianetti and Renee Gianetti and Reinstatement of Stay

Page 2

that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer. The Plan treatment as agreed to herein is null and void and not in effect if relief granted prior to confirmation.

5. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor may proceed pursuant to the terms of the underlying state and federal law to obtain complete possession of the Subject Property, including unlawful detainer, without further court order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 13 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this order.

6. Debtors agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 13 Plans and if any terms in Debtor's Chapter 13 Plan conflict with the terms of this order the terms of this order will control. In the event that Debtor's Chapter 13 Plan does not reflect the language of this stipulation, Debtor agrees that the ordered terms will be incorporated into the confirmation order through exact language, attachment of the stipulation as an exhibit to the confirmation order, or by reference in the confirmation order of the stipulation by document number.

Debtor: Michael Felice Interiors, LLC
Case No.: 20-11532-VFP
Caption of Order: Consent Order For Plan Treatment of Judgment Lien Held by Robert Gianetti and Renee Gianetti and Reinstatement of Stay

Page 2

7.   If this instant Chapter 13 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due and all payments received will be applied.

THE UNDERSIGNED HEREBY STIPULATE
AND CONSENT TO THE ENTRY OF THE
WITHIN CONSENT ORDER:

SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
*Counsel for Robert and Renee Giannetti*

BOYER & COFFY, LLC
*Counsel for Debtor*

By: /s/ David Stevens
    David Stevens, Esquire

By: Leonard R. Boyer
    Leonard R. Boyer, Esquire