SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
Jamal J. Romero, Esq.
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* <br><br> **KENNETH LARSEN,** <br><br> Debtor | Chapter 13 <br><br> Case No. 21-12639 (SLM) <br><br> Hon. Stacey L. Meisel <br><br> Hearing Date: September 22, 2021 @ 10:00 AM |

**CREDITOR'S OPPOSITION TO DEBTOR'S**
**MOTION TO VACATE ORDER**

Robert and Renee Gianetti (the "Judgment Creditors"), by and through their counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, submit this Opposition Kenneth Larsen's (the "Debtor") Motion to Vacate a Consent Order entered on July 22, 2021.

On July 22, 2021, a Consent Order for Plan Treatment of Judgment Lien Held by the Judgment Creditors and Reinstatement of Stay was entered in response Debtor's Motion To Reinstate Stay. Federal Rule of Bankruptcy Procedure 9023 requires that a motion for a new trial or to alter or amend a judgment shall be filed no later than 14 days after entry of judgment. The 2009 Amendments extending the deadline from 14 days to 28 days does not apply to bankruptcy cases. Fed. R. Bankr. P. 9023 ("In a bankruptcy case, however, the deadline for filing a notice of appeal is 14 days. Therefore, the 28-day deadline for filing a motion for a new trial or a motion to alter or amend a judgment would effectively override the notice of appeal deadline under Rule 8002(a) but for this amendment.") The Debtor's Motion to Vacate was filed on August

1

28, 2021, twenty-three days past the deadline. As a result of the untimely filing, Debtor's request for relief must be denied.

## CONCLUSION

Therefore, the Creditor requests that the Court deny the Motion.

**SCURA WIGFIELD HEYER,
STEVENS, & CAMMAROTA, LLP**

Dated: September 16, 2021    /s/ Jamal J. Romero
Jamal J. Romero
Counsel to Debtor