SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
Jamal J. Romero, Esq.
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* <br><br> **KENNETH LARSEN,** <br><br> Debtor | Chapter 13 <br><br> Case No. 21-12639 (SLM) <br><br> Hon. Stacey L. Meisel <br><br> Hearing Date: September 22, 2021 @ 10:00 AM |

**CREDITOR'S SUPPLEMENTAL OPPOSITION TO**
**DEBTOR'S MOTION TO VACATE ORDER**

Robert and Renee Giannetti (the "Judgment Creditors"), by and through their counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, submit this Supplemental Opposition to debtor, Kenneth Larsen's (the "Debtor") Motion to Vacate Or, In the Alternative, Amend Consent Order for Plan Treatment of Judgment Lien Held by Robert Giannetti and Renee Giannetti and Reinstatement of Stay Consent Order (the 'Motion") entered by this Court on July 22, 2021.

**BACKGROUND**

On July 22, 2021, a Consent Order for Plan Treatment of Judgment Lien Held by the Judgment Creditors and Reinstatement of Stay (the "Consent Order") was entered in response to Debtor's Motion To Reinstate Stay as to all creditors. On August 28, 2021, Debtor filed the present Motion seeking to have the Consent Order vacated, or in the alternative, amended under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024, which adopts Rule 60 of the Federal Rules of Civil Procedure, on the basis of mistake, inadvertence, surprise, or excusable neglect. The

1

Judgment Creditors filed an opposition under Bankruptcy Rule 9023, which requires that a motion for a new trial or to alter or amend a judgment shall be filed no later than 14 days after entry of judgment. The Debtor's Motion was filed on August 28, 2021, twenty-three days past the deadline. As a result of the untimely filing, Judgment Creditors request that Debtor's Motion be denied.

Notwithstanding the untimely filing for relief under Bankruptcy Rule 9023, the Debtor's Motion further fails to assert valid and reasonable grounds for relief under Bankruptcy Rule 9024, which adopts Rule 60 of the Federal Rules of Civil Procedure. Debtor asserts that the Consent Order may be corrected based on clerical mistakes, oversights and omission under Rule 60(a) and sets forth grounds for relief from a final judgment or order under 60(b)(1), stating that the Consent Order may be vacated by reason of "mistake, inadvertence, surprise or excusable neglect." However, no such mistake, omission, or inadvertence exists as to the Consent Order. Rather, Debtor is attempting to rescind the terms of the consensual agreement under the guise of inadvertence and oversight due to nothing more than Debtor's buyer's remorse as to the terms of the Consent Order.

Therefore, Debtor has not satisfied the grounds required to vacate this Court's entry of the Consent Order pursuant to Bankruptcy Rule 9023 and 9024, and as such the Debtor's Motion should be denied.

## **LEGAL ARGUMENT**

Judicial orders may be vacated pursuant to Bankruptcy Rules 9023 and 9024. Bankruptcy Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, permits a new trial or an alteration of or amendment to a judgment. However, a motion under Bankruptcy Rule 9023 must be made "no later than 14 days after entry of judgment." Debtor's motion to vacate was filed

twenty-eight days after the Court's order lifting the automatic stay. Therefore, Bankruptcy Rule 9023 relief is not available to Debtor.

Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) sets forth six bases for relieving a party from a court's order, including mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ .P. 60(b)(1). "A party's mere dissatisfaction with its deliberate choices is not sufficient grounds for finding mistake, inadvertence, surprise, or excusable neglect to justify Rule 60(b)(1) relief." Re Singh, 15-20348 (SLM), 2016 WL 5845676, at *4 (Bankr. D.N.J. Oct. 5, 2016) (citing, *United States v. Zoebisch,* 2013 WL 5719246, at *2 (D.N.J. Oct. 18, 2013), *aff'd*, 586 Fed. Appx. 852 (3d Cir. 2014) (denying defendant's motion to reopen based on his 'buyer's remorse' as to the terms of the Settlement Agreement into which he voluntarily and clearly stated his intention to enter")). "Likewise, a party's unilateral mistake and/or misjudgment of the facts is not sufficient grounds to justify the extraordinary remedy of vacating an order or a judgment." Id. (citing, *In re Bella Fiore LLC,* 2016 WL 4480717, at *10 (Bankr. D.N.J. Aug. 23, 2016) (holding that failing to estimate a satisfactory return does not justify vacating an agreed upon consent order, which provided no conditions regarding the return)). Furthermore, relief from a judgment under Rule 60(b) should be granted only in exceptional circumstances. *Boughner v. Sec'y of Health, Educ. & Welfare, U.S.,* 572 F.2d 976, 977 (3d Cir. 1978).

Debtor's counsel cites to COVID fatigue as the cause of inadvertently consenting to the terms of the Consent Order. The Motion further alleges that the Consent Order fails to provide terms defining the obligation and fails to specify the total number of payments required to satisfy the judgment, and enforcement of the Consent order will manifest injustice. None of the arguments

hold any weight. Counsel's fatigue does not amount to mistake, omission or excusable neglect, nor does the lack of mathematical conclusions result in the manifest of injustice.

Debtor merely wishes to rescind on the terms of the Consent Order, which were voluntarily and intentionally entered into, as Debtor now wishes to pay the Judgment Creditors through his bankruptcy plan. The Consent Order sets forth the terms of payment, specifies that payments will be applied to the judgment amount as they are received, sets forth a default and cure clause, and further allows for the incorporation of the terms to Debtor's confirmation order. The Consent Order is not lacking in a manner that that would prove fatal, nor is it drafted in a manner that would manifest injustice. In fact, Debtor's remorse in not incorporating the lien in the plan is evident in its amended plan, which merely increases the plan payment by $500, the amount to be paid to the Judgment Creditors outside of the bankruptcy plan. Furthermore, the Debtor was on the eve of a sheriff sale when the Debtor filed the instant case. The Judgment Creditor entered into this consent agreement in lieu of proceeding with the sale of the Debtor's asset.

Thus, Debtor mistakes his misjudgment for inadvertence, and that certainly is not grounds for the extraordinary measure of vacating a consensual order.

## CONCLUSION

Therefore, the Judgment Creditors respectfully request that the Court deny Debtor's Motion.

SCURA WIGFIELD HEYER,
STEVENS, & CAMMAROTA, LLP

Dated: September 20, 2021

/s/ Jamal J. Romero
Jamal J. Romero
Counsel to Debtor